**In re Ronald MOLLON and Kathleen Mollon, Debtors.**

**Bankruptcy No. 90–02413–6B7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 26, 1996.

Peter N. Hill, Orlando, FL, for Debtors.

John H. Bill, Winter Park, FL, for Marine Midland.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Debtor's, Kathleen Mollon ("Mrs. Mollon"), Renewed Motion to Avoid Lien Held by Marine Midland Bank (Doc. 68) and Marine Midland Bank's ("Marine Midland") Objection to Renewed Motion to Avoid Lien Held by Marine Midland Bank (Doc. 70). Appearing before the Court were Peter Hill, counsel for the Debtors, Ronald Mollon ("Mr. Mollon") and Mrs. Mollon; and John Bill, counsel for the Creditor, Marine Midland. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Mr. and Mrs. Mollon ("Debtors") filed for relief under Chapter 7 of the Bankruptcy Code on June 25, 1990. 11 U.S.C. § 101 *et seq.* Debtors filed a schedule pursuant to § 522(*l*) of the Bankruptcy Code, listing as exempt property their homestead located at 294 Promenade Cr. Heathrow, Florida. The meeting of creditors was held and concluded on August 7, 1990. The Trustee, Laurie K. Weatherford, filed an Objection to the Debtors' Claim of Exempt Property on August 31, 1990.

On October 10, 1990, the Trustee filed a Complaint Objecting to Discharge of the Debtors under § 727 of the Bankruptcy Code. On that same date, Marine Midland filed a Complaint Seeking Exception to Discharge under § 523 of the Bankruptcy Code. The Court [1] denied Mr. Mollon a discharge and denied Mr. Mollon the Homestead ex-

---

1. Honorable Thomas F. Waldron, United States Bankruptcy Judge for the Southern District of Ohio, sitting by designation.

emption with respect to the Trustee's Complaint and Objection. Mrs. Mollon was granted a discharge and the Homestead exemption. The Trustee appealed the Order denying the discharge to Mr. Mollon and granting the discharge to Mrs. Mollon. The United States District Court for the Middle District of Florida dismissed the appeal as untimely on October 17, 1990.

The Court[2] denied a discharge to Mr. Mollon and granted the discharge of Mrs. Mollon with respect to Marine Midland's Complaint. Mr. Mollon was found to have converted nonexempt assets into exempt assets with fraudulent intent. The Court did not impute Mr. Mollon's fraudulent activities on to Mrs. Mollon stating that there was a failure of proof. Marine Midland appealed the Order to the District Court.

The District Court's Order dated June 16, 1993 reversed the decision of the Bankruptcy Court in part and as a result denied Mrs. Mollon a discharge. The District Court found that Mrs. Mollon had participated in the same course of conduct as Mr. Mollon. The fraudulent intent imputed to Mr. Mollon pursuant to § 727(a)(2)(A) was also imputed to Mrs. Mollon. The decision of the Bankruptcy Court was reversed in part, denying a discharge to Mrs. Mollon.

Marine Midland obtained a Judgment against the Debtors on April 5, 1990 in the amount of $447,731.82 and recorded the Judgment on May 23, 1990. The lien impairs the Debtors' personal property located at 294 Promenade Cr. Heathrow, Florida. In December 1990, the Debtors filed a Motion to Avoid the Lien of Marine Midland Bank (Doc. 32) and another Motion to Avoid the Lien of Marine Midland Bank (Doc. 60) on April 4, 1996. At a hearing in May of 1996 Mrs. Mollon orally withdrew the Motion to Avoid the Lien of Marine Midland Bank and an Order followed on June 10, 1996 granting Mrs. Mollon's Motion to Withdraw the Motion to Avoid the Lien of Marine Midland Bank. Mrs. Mollon filed a Renewed Motion to Avoid the Lien of Marine Midland Bank (Doc. 68) on July 25, 1996 and Marine Midland filed an Objection (Doc. 70).

**2.** *See supra* n. 1.

## CONCLUSIONS OF LAW

The issue before the Court is whether Mrs. Mollon may avoid the lien of Marine Midland. The Debtor must file a list of exempt property under § 522(*l*) of the Bankruptcy Code in order to claim an exemption. 11 U.S.C. § 522(*l*). The trustee or the creditor has the right to challenge the Debtor's claim of the exemption under Bankruptcy Rule 4003. 8 *Collier on Bankruptcy,* ¶ 4003.04 (Matthew Bender 15th ed.). Rule 4003(b) requires the objection to be filed within 30 days of the conclusion of the creditor's meeting. *Id.* Marine Midland failed to file an objection to the Debtor's claimed exemption of their Homestead within 30 days of the conclusion of the creditor's meeting on August 7, 1990.

The United States Supreme Court held that creditors may not object to the debtor's claimed exemption more than the 30 days Rule 4003(b) provides. In *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The creditor may within such time period request an extension from the court, such a request was never made by Marine Midland. *Id.* at 642–44, 112 S.Ct. at 1648. The *Taylor* Court refused to limit the application of § 522(*l*) to exemptions claimed in good faith. *Id.* at 645–46, 112 S.Ct. at 1649. Marine Midland could have made a valid objection under § 522(1) and Rule 4003 if it had acted promptly.

Section 522(f) of the Bankruptcy Code specifically recognizes the primacy of exemptions over judicial liens by allowing the debtor to avoid a judicial lien to the extent that it impairs an exemption. 3 *Collier on Bankruptcy,* ¶ 522.29 (Matthew Bender 15th ed.). Mrs. Mollon's Homestead property is exempt and Marine Midland's judicial lien is avoidable pursuant to 11 U.S.C. § 522(f). The Renewed Motion to Avoid Lien Held by Marine Midland Bank is granted.

## ORDER

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED, and DE-CREED** that Marine Midland's Objection to Mrs. Mollon's Renewed Motion to Avoid Lien Held by Marine Midland Bank (Doc. 70) is **OVERRULED,** it is further

**ORDERED, ADJUDGED, and DE-CREED** that Mrs. Mollon's Renewed Motion to Avoid Lien Held by Marine Midland Bank (Doc. 68) is **GRANTED** pursuant to 11 U.S.C. § 522(f), it is further

**ORDERED, ADJUDGED, and DE-CREED** that Mrs. Mollon's Homestead located at 294 Promenade Cr. Heathrow, Florida is exempt and that Marine Midland's judicial lien in the amount of $447,-731.82 is avoidable.